IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 11-cv-00343-MSK-MJW

LORETTA CASTILLE,

        Plaintiff,

v.

FIRST TRANSIT,

        Defendant.

## OPINION AND ORDER ON MOTION TO DISMISS

**THIS MATTER** comes before the Court on Defendant's Motion to Dismiss **(#15)**, to which Plaintiff responded **(#16)**, Defendant replied **(#23)**, and Plaintiff sur-replied (#**24**). Having considered the same, the Court **FINDS** and **CONCLUDES** the following.

### I.  Background

This is an employment discrimination lawsuit under Title VII.  Plaintiff Loretta Castille alleges that she was discharged from her position with Defendant First Transit because of discrimination based on her race/ethnicity and sex.[1]  First Transit moves for dismissal on the

---

[1] In considering the Plaintiff's filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

grounds that the Complaint in this matter was not timely filed.[2]

Based on the documents submitted by the parties and records of this Court, it appears that Ms. Castille filed a charge of discrimination with the EEOC regarding her dismissal. A right to sue letter was issued September 27, 2010, which informed Ms. Castille that she had to initiate a lawsuit within ninety days of receipt of the letter. Ms. Castille then filed a *pro se* Complaint on December 1, 2010, alleging discrimination under Title VII in this Court; the case was docketed as Civil Action No. 10-cv-02914 (the "First Lawsuit"). She also filed an Affidavit and Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915.

On December 10, 2010, an order was issued in the First Lawsuit informing Ms. Castille that the Affidavit in support of her Motion for Leave to Proceed Pursuant to 28 U.S.C. § 1915 was deficient because her signature was not notarized. [ **#3** in Civil Action No. 10-cv-02914] She was ordered to cure the deficiency within thirty days of the date of the order. On January 26, 2011, the case was dismissed without prejudice for failure to cure the deficiency. [ **#5** in Civil Action No. 10-cv-02914]

However, it appears that the First Lawsuit was dismissed in error. The docket in the First Lawsuit shows an entry at **#4** entitled "MOTION and Affidavit for Leave to Proceed Under 28 U.S.C. 1915 by Plaintiff Loretta Castille. (jjh, ) (Entered: 12/15/2010)." The document attached to the docket entry is an apparently misfiled item from another case. Ms. Castille has submitted another copy of the Affidavit notarized with a date of December 15, 2010, which is the same

---

[2]An employee wishing to challenge an employment practice under Title VII must first "file" a timely "charge" of discrimination with the Equal Employment Opportunity Commission ("EEOC"). 42 U.S.C. § 2000e-5(e)(1). After the administrative process is complete, if the matter is not resolved and the EEOC chooses not to pursue the claim, the employee is issued a "right to sue" letter. The employee must file a lawsuit within ninety days after receipt of the right to sue letter. 42 U.S.C. § 2000e-5(f)(1).

date as the docket entry showing that a new Affidavit was filed. It appears, therefore, that a docketing error by a Court clerk prevented Ms. Castille's corrected Affidavit from being properly filed in her case. In addition, construing Ms. Castille's pleadings liberally, she also states in her response brief that she timely complied with all of the Court's orders and that the case was dismissed despite her compliance.

In addition, it appears that Ms. Castille, upon receiving the Court's order dismissing the First Lawsuit, again submitted her Complaint, Motion and Affidavit, along with a document entitled "Motion not to Dismiss" captioned with the First Lawsuit's case number, which apparently was an effort to challenge the dismissal of the First Lawsuit. These documents, however, were filed as a new case, Civil Action 11-c-v00343-MSK-MJW (this case). In the "Motion not to Dismiss" (#**3**), Ms. Castille explains that she is again resubmitting the documents but that she "did not run out of time," an apparent reference to her timely previous filing of the corrected Affidavit.

## II. Analysis

First Transit moves to dismiss the case arguing that this case, filed February 9, 2011, was not timely filed, as it was filed well after the ninety day period following receipt of the right to sue letter. It also cites relevant case law which establishes that a timely filed Title VII complaint that is dismissed without prejudice does not toll the filing deadline. *Simons v. Southwest Petro-Chem, Inc.*, 28 F.3d 1029, 1030 (10th Cir. 1994). Under this authority, this case would be barred as untimely.

However, Ms. Castille's previous case was timely filed and was apparently dismissed in error. Ms. Castille has acted diligently to preserve her rights by timely filing a lawsuit, acting promptly to cure the deficiency in her pleadings, and, even after dismissal due to the Court's

error, quickly refiling her documents. Under the circumstances, then, the appropriate course is to reopen the First Lawsuit[3] and allow it to proceed.

**IT IS THEREFORE ORDERED** that

1. The Clerk of the Court shall close this case and reopen Civil Action No. 10-cv-02914 and assign it to this Court and to a Magistrate Judge. Page 50 (of 62) of Document #**16** in this case shall be docketed in Civil Action No. 10-cv-02914 as evidence of Plaintiff's compliance with the Order to Cure Deficiency (#**3** in Civil Action No. 10-cv-02914). The order dismissing the case and judgment (#**5** & #**6**) shall be vacated.

2. Defendants' Motion to Dismiss **(#15)** is **DENIED AS MOOT.**

Dated this 23rd day of November, 2011

                                  **BY THE COURT:**

                                  Marcia S. Krieger
                                  United States District Judge

---

[3] The First Lawsuit was ultimately assigned to Judge Zita L. Weinshienk, who is no longer in active status with the United States District Court for the District of Colorado. Therefore, the case will need to be reassigned. Given that the second case was assigned to this Court, it is appropriate that the original lawsuit be reassigned to this Court for determination on the merits.