IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 10-cv-02914-MSK-KMT

**LORETTA CASTILLE,**

      Plaintiff,

v.

**FIRST TRANSIT, INC.,**

      Defendant.

## OPINION AND ORDER GRANTING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS MATTER** comes before the Court on the Defendant First Transit's Motion for Summary Judgment **(#27)**, the *pro se* Plaintiff Loretta Castille's Response[1] **(#33)**, and the Defendant's Reply **(#34)**.[2]

### I. Facts

Having reviewed the submissions of the parties, and having construed the evidence in the light most favorable to the non-moving party, Ms. Castille, the material facts are as follows.

---

[1] Although Ms. Castille's response was filed out of time, the Court fully considers her response. Having considered her response, however, the Court nonetheless grants First Transit's motion for summary judgment.

[2] In considering the Plaintiff's filings, the Court is mindful of her *pro se* status, and accordingly, reads her pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relive the Plaintiff of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Ms. Castille, a black woman, was employed by the Defendant First Transit as a "reservationist" for its Access-a-Ride program. In that position, Ms. Castille was responsible for scheduling Access-a-Ride transportation for First Transit customers. (Access-a-Ride is a curb-to-curb public transportation service for disabled individuals.)

In August 2008, Darlene Przytulski, the individual in charge of monitoring calls and quality assurance, monitored nine reservation calls taken by Ms. Castille. For each call, Ms. Przytulski filled out a check list, which listed various areas of information that Ms. Castille was required to obtain or confirm with the customer. For several calls, Ms. Przytulski noted that Ms. Castille failed to obtain or confirm important scheduling information with the customer, such as the date of the trip, the customer's drop-off phone number, and whether the customer would be traveling with a guest or medical equipment. Ms. Przytulski monitored two more calls taken by Ms. Castille in September and October 2008, and noted that Ms. Castille continued to make the same omissions when taking down customer information.

In July 2009, Ms. Castille received a Notice of Discipline regarding a customer complaint. According to the Notice, Ms. Castille had failed to confirm the date of the customer's trip, and she scheduled the trip for the wrong day. Later that month, Ms. Castille was suspended by her supervisor, Patricia DeBaca, for three days for allegedly booking the wrong location for a customer's trip. Although Ms. Castille appealed the suspension, it was upheld after the Assistant Project Manager of Operations, Marcellinus Andrew, reviewed the recorded call and determined the Ms. Castille had reversed the pick-up and drop-off addresses for the customer.

In January 2010, Ms. Castille was suspended for five days regarding another customer complaint. In that incident, she booked a dialysis patient on an excessively long ride. At that time, Ms. Castille was issued a final written warning, which indicated that any further

disciplinary action would result in termination. Ms. Castille received additional customer complaints in May and July 2010 for scheduling errors, but she was not immediately terminated. After the July complaint, which related to Ms. Castille allegedly booking the wrong address, she was placed on a second five day suspension and issued a second final warning. Again, Ms. Castille appealed her suspension. Mr. Andrew reviewed the recorded call and determined that Ms. Castille had rushed through the reservation process and failed to confirm the trip information at the end of the call. He upheld the suspension.

In August 2010, First Transit received two additional complaints against Ms. Castille, each relating to scheduling errors. After investigating the complaints, First Transit determined that Ms. Castile was responsible for the errors. As a result, her employment with First Transit was terminated on September 2, 2010.

After her termination, Ms. Castille filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC), alleging that she was discriminated against due to her race, sex, and age. She alleged that she was "treated worse" than Hispanic and white employees. The EEOC was unable to determine, however, whether a violation occurred. Thus, Ms. Castille was sent a notice of the right to sue.

Ms. Catille then commenced this action. The Complaint **(#1)** asserts three claims[3] — two alleging race and gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as well as a claim for age discrimination in violation of the Age Discrimination in Employment Act (ADEA). First Tranist moves for summary judgment on each of Ms. Castille's discrimination claims.

---

[3] In the "Nature of the Case" section of her Complaint, Ms. Castille has checked certain lines, which would indicate that she believes she was discriminated against based on her religion and for First Transit's failure to promote her. She confirms in her response, however, that she is not alleging religious discrimination. Further, the Court understands all of Ms. Castille's allegations to pertain solely to her termination.

## II.  Summary Judgment Standard

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary.  *See White v. York Intern. Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  Substantive law governs what facts are material and what issues must be determined.  It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989).  A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party.  *See Anderson*, 477 U.S. at 248.  When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial.  *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence.  *See* Fed. R. Civ. P. 56(c)(1)(A).  Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute.  *See Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999).  If there is a genuine dispute as to a material fact, a trial is required.  If there is no genuine dispute as to any material

fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

### III. Analysis

Where, as here, there is no direct evidence of discrimination, the Court applies the burden-shifting framework outlined in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-02 (1973). The *McDonnell Douglas* framework applies to all of Ms. Castille's discrimination claims. *See Garrett v. Hewlett-Packard Co.*, 305 F.3d 1210, 1216 (10th Cir. 2002). Under the framework, Ms. Castille bears the burden of establishing a *prima facie* case for each of her claims. If she is successful, the burden shifts to First Transit to articulate a legitimate, non-discriminatory reason for her termination. Ms. Castille then bears the ultimate burden of demonstrating that First Transit's proffered reason is a pretext for discrimination.

To set forth a *prima facie* case of race or sex discrimination under Title VII, Ms. Castille must prove that (1) she is a member of a protected class, (2) she was discharged, (3) she qualified for the position at issue, and (4) she was treated less favorably than others not in the protected class. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). For her claim under the ADEA, Ms. Castille must prove that (1) she is within the protected age group; (2) she was discharged; (3) she was doing satisfactory work; and (4) her position was filled by a younger

person. *Rivera v. City & Cty. Of Denver*, 365 F.3d 912, 920 (10th Cir. 2004). The significance of the fourth element for claims under both Title VII and the ADEA is that there is evidence that the termination occurred under circumstances that would support an inference of discrimination. *See Adamson v. Multi Community Diversified Servs., Inc.*, 514 F.3d 1136, 1146, 1151 (10th Cir. 2008).

First Transit argues that summary judgment in its favor is warranted because Ms. Castille cannot establish every element of her *prima facie* case of race, sex, or age discrimination. Specifically, it argues that she cannot prove the third and fourth elements of each claim.

Ms. Castille's response to the motion for summary judgment does not contain any evidence to support her claims.[4]  She argues, however, that her work performance was satisfactory. Assuming that Ms. Castille's own testimony is sufficient to create a genuine dispute as to her qualifications and work performance, she faces a problem with regard to the fourth element of her *prima facie* case. The record is devoid of any evidence to support an inference that her termination occurred under circumstances of discrimination. Ms. Castille claims that Hispanic employees were "treated better" than her and that she was singled out by both white and Hispanic employees. Evidence of an employer's more favorable treatment of similarly-situated employees who are not members of a protected class can provide an inference of discrimination. *Luster v. Vilsack*, 667 F.3d 1089, 1095 (10th Cir. 2011). Here, however, Ms. Castille has presented no evidence that the other employees were in a situation similar to hers or that they engaged in the same conduct she did. As to her ADEA claim, Ms. Castille has presented no evidence, or allegation for that matter, that she was replaced with someone younger. Accordingly, the Court finds that Ms. Castille has not come forth with sufficient,

---

[4] Ms. Castille admits that all of her evidence was attached to the Complaint, and she has no other documents pertaining to this case. The Court has considered that evidence as part of the record.

competent evidence to establish any of her discrimination claims, and First Transit is entitled to judgment as a matter of law.

Even if the Court were to assume that Ms. Castille could successfully establish a *prima facie* case, it finds that First Transit is entitled to judgment in its favor. First Transit has proffered, as its legitimate, non-discriminatory reason, that it terminated Ms. Castille due to problems with her work performance. Ms. Castille claims that this justification is merely pretext for discrimination. Ms. Castille can demonstrate pretext by producing evidence of "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the employer's proffered reason that a reasonable trier of fact could rationally conclude that the proffered reason is untrue. *Plotke v. White*, 405 F.3d 1092, 1102 (10th Cir. 2005). Ms. Castille has not come forth with any evidence to support her claim of pretext. There is nothing in the record to support a reasonable inference that First Transit's proffered justification is unworthy of belief.

## IV. Conclusion

For the forgoing reasons, the Defendant's Motion for Summary Judgment **(#27)** is **GRANTED**. Judgment shall enter in favor of the Defendant on all claims. The Clerk of the Court shall close this case.

Dated this 26th day of August, 2013.

**BY THE COURT:**

_Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge